THIBODEAUX, Chief Judge,
dissenting.
| TWhiIe the proper resolution of this case should focus on procedure as articulated in the following paragraphs, I agree with the substantive comments of Judge Saunders.
The majority correctly recites the procedural history of this litigation, particularly as it relates to the substance and posture of the pleading filed as an exception of no cause or right of action which this court treated as a motion for summary judgment.
*75 We considered the document filed by McNeese as a motion for summary judgment, not an exception of no cause of action, because evidence was adduced. We specifically concluded:
We hereby liberally construe the rule to show cause filed by ... McNeese State University, as a Motion for Summary Judgment. Thus, upon considering the admission by Claimant, Timothy Cormier, that he is not entitled to workers’ compensation benefits during any period of his incarceration, we find that the Relator [McNeese] is entitled to a grant of partial summary judgment as to the forfeiture of any workers’ compensation benefits to which the Claimant might otherwise been entitled during any period of the Claimant’s incarceration. La.R.S. 23:1201.4. However, we find no error in the workers’ compensation judge’s denial of Relator’s [McNeese’s] Rule as to any benefits to which the Claimant may be entitled following Claimant’s release from incarceration. We remand this matter to the workers’ compensation court for further proceeding in light of this ruling.
Cormier v. McNeese St. Univ., CW11-757 (La.App. 3 Cir. 11/4/11) (Unpublished).
We remanded this case after ruling on the writ for the purpose of determining causation and extent of disability. The Office of Workers’ Compensation observed that the third circuit “pointedly and explicitly rejected the main, indeed the only substantive, argument of the evidence that no employee/employer relationship existed.” The OWC concluded that McNeese’s conduct in continuing to pursue this rejected defense was not only arbitrary and capricious, but also “contrary and hardheaded.”
The majority, nonetheless, erroneously proposes to reverse and hold that no employer/employee relationship existed. The plaintiff, it says, “conveniently” ignored certain exceptions regarding the “law of the case” doctrine. Those exceptions are: (1) palpable error; (2) denial would result in manifest injustice; and (3) when additional evidence is received on the subject matter at issue. It concludes there is no palpable error. If so, why are we even reconsidering employer/employee status?
The majority opines that no relief was granted to either party in our writ ruling and that we found a denial of the Board’s exception was proper on the pleadings— and no more. That is incorrect. The exception of no cause of action should not be discussed because our court specifically recognized this pleading as a motion for summary judgment.
The majority concludes that the context in which the previous third circuit ruling was made on the writ application impacts the applicability of the “law of the case” doctrine. The position that additional evidence was received during the trial of this matter is incorrect. The evidence at the trial, according to the workers’ compensation judge, “was in most respects identical to the evidence previously presented to this court, as well as the third | ¡¡circuit and the Louisiana Supreme Court.” The workers’ compensation judge was not manifestly wrong in this regard. Indeed, the substance of the evidence never changed. McNeese submitted additional testimony in the form of more witnesses. These witnesses, however, did not add anything other than that which was already considered. It was basically cumulative.
For all of the reasons cited above, I dissent and would affirm the judgment of the Office of Workers’ Compensation.